IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SINIBALDI, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDBOX AUTOMATED RETAIL, LLC, and Does 1 through 100, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | No. C 11-01761 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE; TRANSFERRING ACTION TO CENTRAL DISTRICT OF CALIFORNIA** |

　　　Before the Court is defendant Redbox Automated Retail, LLC's ("RedBox") motion to dismiss and to strike, filed May 2, 2011. Plaintiff John Sinibaldi ("Sinibaldi") has filed opposition, to which Redbox has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for June 24, 2011, and rules as follows.

　　　By the instant motion, Redbox seeks, inter alia, to dismiss the action in favor of Mehrens v. Redbox Automated Retail, LLC, No. 11-2936 JHN-E, an earlier-filed putative class action pending before the Central District of California. See Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (noting "first to file" rule "permits a district court to decline jurisdiction over an action when a complaint involving the same

parties and issues has already been filed in another district"). Sinibaldi "does not oppose transfer of this action to the Central District based on the first-to-file rule" (see Opp. at 2:11-12), but opposes dismissal, stating:

> Following discussions between counsel, an agreement was reached between my firm and counsel in Mehrens to cooperate in the joint prosecution of both actions, and to jointly request consolidation of said actions pursuant to Federal Rule of Civil Procedure 42(a) following transfer of this action to the Central District Court

(see Qualls Decl. ¶ 5).

"Under [the first to file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). Here, given the above-referenced agreement, the Court finds transfer to the Central District of California is preferable to dismissal. See A.J. Indus. Inc. v. U.S. Dist. Ct. for C.D. Cal., 503 F.2d 384, 389 (9th Cir. 1974) (noting "feasibility of consolidation is a significant factor in a transfer decision"). Redbox's concerns about the effect of a transfer on the Central District's existing schedule (see Reply at 5) are best addressed by the Central District.

Accordingly, Redbox's motion to dismiss and to strike is hereby DENIED, and the instant action is hereby TRANSFERRED to the Central District of California.[1]

**IT IS SO ORDERED.**

Dated: June 15, 2011

MAXINE M. CHESNEY
United States District Judge

---

[1] To the extent the motion is based on "alternative" grounds (see Mot. at 12-21), said denial is without prejudice to Redbox's raising those issues, if necessary, in the Central District.

2